O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-01242 AHM (DTBx) | Date | February 15, 2012 |
|---|---|---|---|
| Title | ESTATE OF DAVID R. FOSTER v. AEHUI GOMER et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:                    Attorneys **NOT** Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

Defendants Donna White and Albert Siedman have moved to dismiss the complaint against them for lack of personal jurisdiction.[1]  The Court GRANTS in part and DENIES in part their motions, and orders further briefing.

**I.**

**LEGAL STANDARD FOR SPECIFIC PERSONAL JURISDICTION**

Plaintiff attempts to establish that this Court has specific personal jurisdiction over White, but does not discuss general personal jurisdiction in its Opposition.  Plaintiff does not discuss either general or specific personal jurisdiction in its opposition to Siedman's Motion, but focuses instead on RICO jurisdiction (which plaintiff also urges supports jurisdiction over White).  Plaintiff's failure to respond to Siedman's arguments regarding personal jurisdiction are an implicit admission of the merits of those arguments.

The Ninth Circuit's decision in *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010), sets forth the appropriate test to determine whether the Court may exercise specific personal jurisdiction.  The test has three prongs:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or

---

[1] Dkt. Nos. 14 and 22.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-01242 AHM (DTBx) | Date | February 15, 2012 |
|---|---|---|---|
| Title | ESTATE OF DAVID R. FOSTER v. AEHUI GOMER et al. | | |

perform some act by which he purposefully avails himself of the

privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Brayton Purcell*, 1123 F.3d at 1128 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). As the Ninth Circuit noted in *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004):

> The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (internal citations omitted) (emphasis added).

In addressing the first prong, courts apply the "effects test" set forth in *Calder v. Jones*, 465 U.S. 783 (1984). That is, courts have personal jurisdiction over a non-resident defendant where that defendant (1) committed an intentional act, (2) expressly aimed at the forum state, and (3) which caused harm that the defendant knows is likely to be suffered in the forum state. *Brayton Purcell*, 1123 F.3d at 1128 (citing *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir.2006) (en banc)). Thus, there is a three-part test for specific personal jurisdiction, and the first prong of that test has three subparts.

The Court agrees with both White and Siedman that, absent possible RICO jurisdiction, there is no personal jurisdiction against them, for the following reasons.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-01242 AHM (DTBx) | Date | February 15, 2012 |
|---|---|---|---|
| Title | ESTATE OF DAVID R. FOSTER v. AEHUI GOMER et al. | | |

### A.  Donna White

Plaintiff alleges that "White began providing estate planning advice to Foster and Chang in January 2005." Compl. ¶ 8. Plaintiff also alleges that "[d]uring Chang's life and after her death, White knowingly used her position as Foster's attorney to further the unlawful efforts of Chang and Gomer to divert Foster's assets to the Chang Family. *Id*.

### 1. Background

White currently resides in Portland Maine. Compl. ¶ 8. She is an attorney who specializes in trust and estate law and administration, Compl. ¶ 8, and is licensed to practice law in the Commonwealth of Massachusetts and the State of Maine. Declaration of Donna White ("White Decl.") ¶ 2.

White is currently a partner at Pierce Atwood LLP, was a partner at Prince, Lobel, Glovsky & Tye LLP ("Prince Lobel"), and Donovan Hatem, and was of counsel at Bingham McCutchen ("Bingham"). Compl. ¶ 8; White Decl. ¶¶ 3-6. Bingham has offices in California but White only worked in the firm's Boston office, and never visited or worked in any of the firm's California offices. White Decl. ¶ 3. Donovan Hatem is a Boston-based firm and to White's knowledge, does not have an office in California. *Id*. ¶ 4. White did not work in California while at Donovan Hatem. *Id*. White did not work in California for Prince Lobel, and to her knowledge, Prince Lobel is a Boston-based firm without any offices in California. White Decl. ¶ 5. Pierce Atwood does not have a California office and White has not worked in California since she joined Pierce Atwood. White Decl. ¶ 6.

White has never traveled to California for any purpose. White Decl. ¶ 12. She has never owned, leased, or rented any property in California, and has never personally advertised or solicited business in California. *Id*. ¶¶ 14-15. White also states that the

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-01242 AHM (DTBx) | Date | February 15, 2012 |
|---|---|---|---|
| Title | ESTATE OF DAVID R. FOSTER v. AEHUI GOMER et al. | | |

Fosters (Alexandra and David) were her only clients with any property or connection to the State of California. *Id*. ¶ 17.

### 2. Relationship with the Fosters

David and Alexandra Foster retained Bingham McCutchen in January 2005 to find a successor trustee for the Fosters' trusts and to address related matters. White Decl. ¶ 8. As part of the Fosters' engagement of the Bingham firm, the engagement letter and certain bills were sent to the Fosters' California address. Id. White had several phone and email communications with a partner in Bingham's San Francisco office in connection with the work she began performing for the Fosters. *Id*. White met with the Fosters in person in New York. *Id*. The only other place she met with them was Massachusetts. White Decl. ¶ 16.

Alexandra Foster later contacted White for assistance with her own estate plan. At that point White was at Donovan Hatem. White Decl. ¶ 9. In connection with that matter, White met with the Fosters in their Nantucket, Massachusetts home. *Id*.

When Alexandra Foster died in 2008, White, who then was working at Prince Lobel, was asked by Mr. Foster to prepare the necessary documents to make Alexandra Chang's sister Gomer his health care agent, attorney in fact, and successor co-trustee of the David and Alexandra Foster Surviving Trust and the Foster Family Survivor's Trust. White Decl. ¶ 10. To prepare these documents, Foster instructed White to speak with his California counsel, and to mail the documents to California, which she did. *Id*. White had "no more than two telephone conversations" with Foster's counsel. *Id*. All documents were prepared in Boston. *Id*.

In facilitating the opening of trust accounts and to answer questions posed by the Fosters, White communicated with the San Francisco office of Merrill Lynch by telephone and by e-mail "from time to time." White Decl. ¶ 11.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-01242 AHM (DTBx) | Date | February 15, 2012 |
|---|---|---|---|
| Title | ESTATE OF DAVID R. FOSTER v. AEHUI GOMER et al. | | |

### 3. Intentional Act

Plaintiff must first demonstrate that White committed an intentional act. "Intent" refers to an "intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Brayton Purcell*, 1123 F.3d at 1128 (internal quotation marks and modifications omitted).

The Parties do not dispute that White's intentional act was her legal advice and estate planning advice for the Fosters. Compl. ¶ 8. They do dispute, however, whether her actions were expressly aimed at California.

### 4. Expressly Aimed at California

Plaintiff must next demonstrate that White's conduct — here her estate planning advice — was expressly aimed at the forum. "This Court has emphasized that "'something more' than mere foreseeability [is required] in order to justify the assertion of personal jurisdiction," and that "something more" means conduct expressly aimed at the forum." *Brayton Purcell*, 606 F.3d at 1129 (internal quotation marks and citations omitted).

Here, Plaintiff contends that White's conduct was expressly aimed at California based on the following contacts:

- Alexandra Chang and Foster's wills, trusts, and premarital agreements were written by California attorneys, and all documents related to the disposition of their property were executed in and governed by California law. Opp. at 12.

- White also allegedly took into account California community property law when dispensing advice to Foster and Alexandra Chang,

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-01242 AHM (DTBx) | Date | February 15, 2012 |
|---|---|---|---|
| Title | ESTATE OF DAVID R. FOSTER v. AEHUI GOMER et al. | | |

      and knew the Rancho Mirage property and Merrill Lynch accounts were located in California. Opp. at 13.

- White "managed Foster and [Alexandra] Chang's numerous California agents." Opp. at 13. These included, according to Plaintiff, terminating Foster's original attorney Paul Selzer, enlisting the assistance of another California attorney, and collaborating with California counsel. Opp. at 13.

- White's attorney-client relationship with Foster, Alexandra Chang, and Gomer depended on frequent communications directed at California, including bills, emails, and phone calls. Opp. at 14.

      To support these contentions, Plaintiff cites to the Declaration of Clare P. Culhane, Attorney for Plaintiff. The declaration includes, as exhibits, various communications between White, Gomer, and others, in addition to copies of the various iterations of the premarital agreement between Foster and Alexandra Chang. Defendant White objects to the entirety of this declaration as lacking foundation and as hearsay. It is unnecessary to rule on the objections because Plaintiff's allegations are not enough in and of themselves to demonstrate White's actions were expressly aimed at California.

      In *Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990), the Court of Appeals found that "[o]ut-of-state legal representation does not establish purposeful availment of the privilege of conducting activities in the forum state, where the law firm is solicited in its home state and takes no affirmative action to promote business within the forum state." *Id*. at 1363.

      In *Sher*, plaintiffs, Florida residents, filed a legal malpractice suit in the Central District of California against a Florida legal partnership and each of its individual partners. *Id*. at 1360. The Florida legal partnership represented plaintiff Seymour Sher in connection with criminal charges brought against him in Tampa, Florida. *Id*. The law

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-01242 AHM (DTBx) | Date | February 15, 2012 |
|---|---|---|---|
| Title | ESTATE OF DAVID R. FOSTER v. AEHUI GOMER et al. | | |

partnership had been retained by Sher and his wife. *Id*. The Ninth Circuit ultimately found that personal jurisdiction existed over the defendants based on the Shers' execution of a deed of trust in favor of the Florida partnership, which encumbered the Shers' California home, and the partnership's entire "course of dealing" with the Shers, which included three trips to California to visit with the Shers, and several phone calls and letters related to the case. *Id*. at 1363. However, the Ninth Circuit held that contact with California that was incidental to out-of-state legal representation — including the partnership's acceptance of payment from a California bank, and phone calls made to and letters sent to California — did not constitute the "deliberate creation of a 'substantial connection'" with the forum state necessary for purposeful availment. *Id*. at 1362 (citing *Burger King Corp. v. Rudzewicz*, 417 U.S. 462, 475 (1985)). The court also found that even the partnership's three trips to California to meet with the Shers, "when combined with the firm's underlying representation of a California client, does not constitute purposeful availment of the privilege of conducting activities within California." *Sher*, 911 F.2d at 1363.

Here, Plaintiff has not met its burden of showing that White purposefully availed herself of doing business in California. White has never personally advertised or solicited business in California. White Decl. ¶ 15. She never met the Fosters in California. *Id*. at ¶ 16. Moreover, the Fosters were her only clients with any property in or connection to California and unlike in *Sher*, neither Foster nor Chang executed a deed of trust in favor of White that included an encumbrance on their California home. *Id*. at ¶ 17. As in *Sher*, phone calls made by White, the sending of bills or invoices to California, and the receipt of payment from California does not constitute the "deliberatecreation of a 'substantial connection'" with the forum state necessary for purposeful availment. *Sher*, 911 F.2d at 1362. Accord, *Bedi v. McGoldrick*, No. CV 10-3497 CAS (MANx), 2010 WL 4629975 (C.D. Cal. Nov. 8, 2010) (Snyder, J.).

In reaching this conclusion, the Court recognizes that much of what White is alleged to have done undoubtedly was understood by her to have a likely impact on at least some aspects of his estate, which was then expected to be probated in California.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-01242 AHM (DTBx) | Date | February 15, 2012 |
|---|---|---|---|
| Title | ESTATE OF DAVID R. FOSTER v. AEHUI GOMER et al. | | |

Nevertheless, on balance that is not enough, in part because for the most part Foster himself was not then living in California, and none of the defendants was either. Moreover, many key assets of the Estate were located outside California.

    5.    <u>Causing Harm in California</u>

It is unnecessary to discuss this "prong," given the preceding section.

**B.**    **Albert Siedman**

Plaintiff's general allegations against Siedman are as follows:

> Albert E. Siedman ("Siedman") is an individual who resides in Brooklyn, New York. Upon information and belief, Siedman is a photographer and a licensed real estate agent who declared bankruptcy in May 2004. Siedman has no medical background or training. At the behest of Gomer, Siedman assumed the role of Foster's primary caregiver while Foster was living in Nantucket from May through December of 2008. Siedman manipulated Foster's medication and sleep patterns in an effort to further cloud Foster's judgment. Siedman also isolated Foster and made false representations to Foster's daughters, elder protection workers, and healthcare providers regarding his capacity and authority to make healthcare decisions on behalf of Foster. Siedman's unlawful actions were intended to further, advance, and conceal Gomer's fraud upon Foster.

Compl. ¶ 7.

    1.    <u>Contacts with California</u>

Siedman has never lived in California. Albert E. Siedman Declaration

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-01242 AHM (DTBx) | Date | February 15, 2012 |
|---|---|---|---|
| Title | ESTATE OF DAVID R. FOSTER v. AEHUI GOMER et al. | | |

("Siedman Decl.") ¶ 2. He currently resides in New York City, and has lived in New York City since 1985. *Id.* He has lived in New York State since 1975, and before that in Connecticut. *Id.* He works in New York as a photographer. Siedman Decl. ¶ 4.

Siedman has not worked or done business in California since at least 2000. Siedman Decl. ¶ 3D. He has not visited California at least for the past ten years. *Id.* ¶ 3F. Siedman has never owned property in California. *Id.* ¶ 3I. Siedman never interacted with David Foster, or with any of the defendants in this case, in California. Id. ¶¶ 3J-3K.

### 2. Relationship with the Fosters

Siedman states he first met Foster in New York in May 2008, when he was invited to cook lunch for Foster in his New York apartment. Siedman Decl. ¶ 5. At the lunch, Foster offered Siedman a salary and housing if he would cook for Foster full time at his home in Nantucket, Massachusetts. Siedman Decl. ¶ 8. Siedman worked as a cook in Foster's Nantucket residence in the summer of 2008 through December 2008, and returned to New York after this time. Siedman Decl. ¶ 9. Siedman received a Christmas present and card from Foster in December 2008 in Massachusetts. Id. ¶ 10.

### 3. Analysis

As noted above, Plaintiff did not respond to or even acknowledge Defendant Siedman's arguments that Siedman has not purposefully availed himself of this forum. By doing so, Plaintiff has essentially conceded Siedman's arguments. Siedman's arguments are also meritorious on their face. Plaintiff has not alleged that Siedman performed any type of affirmative conducted directed at California. All of the allegations against Siedman concern alleged conduct in Massachusetts. *See, e.g.,* Compl. ¶¶ 78-80; 90.

Because Plaintiff has not met its burden of showing that Siedman purposefully availed himself of the forum state, the Court does not have personal jurisdiction over

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-01242 AHM (DTBx) | Date | February 15, 2012 |
|---|---|---|---|
| Title | ESTATE OF DAVID R. FOSTER v. AEHUI GOMER et al. | | |

Siedman. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (holding that if plaintiff's arguments fail under the first prong, then the Court need not address the two remaining prongs regarding whether the claim arises out of forum-related activities and whether the exercise of jurisdiction is reasonable).

## II.
## RICO JURISDICTION

In a separate order the Court has denied the motions to dismiss the Section 1962(c) RICO claim in count one (against Gomer) and the § 1962(d) RICO conspiracy claim in count five (against Sam Chang and Kim). It is difficult to discern whether the latter claim alleges a nationwide conspiracy, although to the extent it incorporates the lengthy "story" alleged in the preceding paragraphs of the complaint, including the allegations against Gomer, White and Siedman, that would appear to be the case. Moreover, although neither White nor Siedman has filed a motion directed specifically against the RICO conspiracy claims against them (counts three and four, respectively) those claims also suggest that plaintiff is trying to allege a nationwide conspiracy.

18 U.S.C. § 1965 ("Venue and Process") provides in subsection (a) that a civil RICO action "may be instituted in <u>the</u> district court . . . for any district in which . . . [the defendant] resides, is found, has an agent or transacts his affairs." (Emphasis added.) It is not clear that any named defendant falls within that provision. Defendant Gomer resides in New Jersey. Complaint ¶ 6. Siedman resides in New York. *Id.* ¶ 7. So does Defendant Sam Chang. *Id.* ¶ 9. Defendant Kim resides in Texas. *Id.* ¶ 10. Defendant White resides in Maine. ¶ 8. The only party that is "in" California is Foster's Estate; why that Estate is being probated in Riverside County is not clear. The current residence of the Estate's Executor, Sarah Foster, is not alleged. But the Complaint does allege that at least in 1999 she "resided on the east coast . . . ." *Id.* ¶ 23. And in ¶ 53 she is alleged to have lived in New York as of 2008.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-01242 AHM (DTBx) | Date | February 15, 2012 |
|---|---|---|---|
| Title | ESTATE OF DAVID R. FOSTER v. AEHUI GOMER et al. | | |

Section 1965 (b) provides that if "it is shown that the ends of justice require that other parties residing in any other district [*i.e.*, presumably, parties other than a defendant who falls within Section 1965(a)] be brought before the court, the court may cause such parties to be summoned and process for that purpose may be served in any judicial district . . . ."

The court in *Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.3d 535, 539 (9th Cir. 1986) stated "Congress intended the 'ends of justice' provision to enable plaintiffs to bring all members of a nationwide RICO conspiracy before a court in a single trial." It went on to note, "As Section 1965(b) makes clear, the right to nationwide service in RICO suits is not unlimited. For nationwide service to be imposed under Section 1965(b), the court must have personal jurisdiction over at least one of the participants in the alleged multi-district conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators." *But see Cory v. Aztec Steel Building Inc.*, 468 F.3d 1226, 1232 (10th Cir. 2006), disagreeing with the *Butcher's Union* analysis and holding that a plaintiff's "assertion that the ends of justice require nationwide service simply because he has sustained damages and litigation costs" in the forum district "standing alone do[es] not satisfy the 'ends of justice' standard."

Whether Section 1965 is applicable here is not clear and has not been adequately briefed by the parties. The complaint is unnecessarily prolix and confusing. For example, it alleges five different RICO counts: one against Gomer, two against White, one against Siedman and one against Sam Chang and Kim. In order to enable the Court and the parties to assess whether there could be valid RICO jurisdiction, the Court ORDERS plaintiff to file a First Amended Complaint ("FAC") that will consolidate and clarify the RICO claims plaintiff intends to pursue, especially the nature and scope of any alleged nationwide RICO conspiracy, and that will contain specific and coherent allegations that support the exercise of jurisdiction. Thereafter, those individuals still named as RICO defendants will be able to determine whether they should seek appropriate relief under Rule 12. If they file a renewed motion challenging jurisdiction,

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-01242 AHM (DTBx) | Date | February 15, 2012 |
|---|---|---|---|
| Title | ESTATE OF DAVID R. FOSTER v. AEHUI GOMER et al. | | |

plaintiff will have the burden of establishing that the case and the defendants belong here.

The FAC shall be filed by not later than March 12, 2012. Meanwhile, for docketing purposes and clerical clarity, the Court DENIES (without prejudice) the motion to dismiss for absence of RICO jurisdiction.

IT IS SO ORDERED.

| | : | |
|---|---|---|
| Initials of Preparer | SMO | |